```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )
     v.                             )
                                    )   Criminal Case No. 96-57-2 (EGS)
RICARDO M. GROSS,                   )
                                    )
          Defendant.                )
_____)

**MEMORANDUM OPINION**

Pending before the Court is defendant Ricardo M. Gross's *pro se* petition for writ of *audita querela*, and the government's motion to construe the petition as a successive motion to vacate sentence under 28 U.S.C. § 2255 and to transfer the motion to the United States Court of Appeals for the District of Columbia Circuit. Upon consideration of the motions, the response and reply thereto, the applicable law, and for the reasons stated below, both motions are **DENIED**.

I.   BACKGROUND

On or about July 31, 1996, after a trial before this Court, a jury found defendant guilty of armed bank robbery, use of a firearm during a crime of violence, armed carjacking, and first-degree theft from a senior citizen. On February 14, 1997, the Court also found defendant guilty of possession of a firearm by a

convicted felon.[1]  On June 27, 1997, the Court sentenced defendant to 108 months of incarceration for armed bank robbery, followed by a consecutive 10 year sentence for use of a firearm during a crime of violence, as well as a concurrent sentence of 108 months for the felon-in-possession charge and 15-45 years[2] for the armed carjacking and first-degree theft offenses.

Defendant filed a timely notice of appeal, and on February 26, 1999, the Circuit affirmed defendant's convictions.  *See United States v. Gilliam*, 167 F.3d 628, 631, 640 (D.C. Cir. 1999) (affirming Defendant Gross's convictions and sentence).

---

[1]  Defendant elected a bench trial on the felon-in-possession count.

[2]  D.C. Code offenses committed before August 5, 2000 were sentenced pursuant to an indeterminate sentencing scheme. *Compare* D.C. Code § 24-403 (2000) *with* D.C. Code § 24-403.01 (2010) (requiring the Court to impose a determinate sentence and period of supervised release for crimes committed on or after August 5, 2000).  Under the indeterminate sentencing scheme, courts were required to impose a sentence containing a minimum and maximum term, whereby the minimum term could not exceed one-third of the maximum sentence imposed. *See generally Sellmon v. Reilly*, 551 F. Supp. 2d 66, 70 n.3 (D.D.C. 2008) (citing D.C. Code § 24-403 (2001)); *see also id.* (explaining that after a defendant becomes eligible for parole, the paroling authority and corrections officials determine the actual release date within the range specified by the court).  Accordingly, while expressing its desire to sentence defendant to a 15 year sentence, *see* Sentencing Tr. at 20:18-20 ("My intent is not that he serve 45 years in jail on that count.  That is not my intent at all.  My intent is that he serve the 15 years."), the Court nevertheless sentenced defendant to a 15-45 year range for the armed carjacking and first-degree theft offenses consistent with the indeterminate sentencing scheme.

Defendant's petition for writ of certiorari was denied on June 7, 1999. *See Gross v. United States*, 526 U.S. 1164 (1999).

On August 10, 2000, defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the Court denied on September 23, 2005. *See* Docket No. 198. On May 29, 2009, defendant filed the pending petition for writ of *audita querela*, and on October 9, 2009, the government filed a motion to transfer defendant's motion under 28 U.S.C. § 2255. These motions are now ripe for determination by the Court.

**II. Analysis**

    **A.   Government's Motion to Construe the Petition as a Successive § 2255 Motion**

As a threshold matter, the government asks the Court to construe defendant's petition as a motion to vacate sentence under 28 U.S.C. § 2255. Because defendant "has unequivocally elected to seek relief by way of *audita querela* rather than 28 U.S.C. § 2255," the Court declines to do so. *See In re Kennedy*, No. 07-3048, 2007 U.S. App. LEXIS 18083, at *1-2 (D.C. Cir. July 27, 2007) (returning petition for writ of *audita querela* to the district court, and explaining that the defendant's "election should be respected"). Indeed, defendant specifically asks this Court to "decline to construe [his] petition as a § 2255 successive petition." Def.'s Pet. at 9. The Court, therefore,

will respect defendant's decision to proceed by way of *audita querela*, and will consider his petition on the merits. Accordingly, the government's motion to transfer defendant's petition to the Circuit is **DENIED**. *See, e.g.*, *In re Kennedy*, 2007 U.S. App. LEXIS 18083, at *1 ("Because petitioner has filed a petition for writ of *audita querela*, not a 28 U.S.C. § 2255 application, he does not need authorization from [the Circuit Court] to proceed with his petition.").

**B. Defendant's Petition for Writ of Audita Querela**

"The common law writ of *audita querela* permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (internal quotation marks omitted). Although historically *audita querela* has existed primarily as a remedy for judgment debtors, some courts have recognized the writ as a remedy for criminal defendants. *See id.* (citing cases). In this Circuit, however, the writ of *audita querela* is cognizable only if a defendant raises "a legal objection not cognizable under the existing scheme of postconviction remedies." *Id.* at 426.[3] The

---

[3] In civil practice, the writ of *audita querela* has been expressly overruled by Federal Rule of Civil Procedure 60(e). *See* Fed. R. Civ. P. 60(e) ("The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela."). This rule,

4

writ of *audita querela* may not, therefore, be used "'to circumvent the limitations of filing § 2255 motions[.]'" *Harris v. United States*, 522 F. Supp. 2d 199, 200 n.1 (quoting *In re Norris*, No. 02-3076, 2002 U.S. App. LEXIS 23324, at *1 (D.C. Cir. Nov. 8, 2002)); *see also Ayala*, 894 F.2d at 427 (holding that *audita querela* had been superseded in federal criminal practice by 28 U.S.C. § 2255 and the writ of *coram nobis*).

In his petition, defendant "seeks to have his ten (10) year mandatory sentence reduced to five (5) years mandatory because the mandatory guidelines used in the 1997 sentencing hearing has now been declared unconstitutional" and "to have the forty-five (45) years suspended from his D.C. Code sentence." Def.'s Pet. at 10. While defendant argues that these claims are not cognizable under § 2255, *see* Def.'s Reply at 3-5, this Court simply cannot agree.[4] Accordingly, because defendant seeks to

---

however, has not been construed as abolishing *audita querela* in the criminal context. *See Ayala*, 894 F.2d at 428 n.4 ("dipos[ing] of any argument that Rule 60(b) abolishes *audita querela* in criminal proceedings").

[4]  Having carefully reviewed *Kessack v. United States*, No. 05-1828, 2008 U.S. Dist. LEXIS 7739 (W.D. Wash. Jan. 18, 2008), the case upon which defendant primarily relies, the Court finds it unpersuasive in light of the facts of this case. Specifically, *Kessack* presented equal protection considerations not present here. *See id.* at *2 (granting the defendant's petition for writ of *audita querela* and ordering re-sentencing in order to stop "a grave injustice that is occurring as a result of [the defendant's] 30 year-sentence," where the defendant received a sentence "at least 20 years greater than any of his [equally-culpable] co-defendants" as a result of the "then-mandatory Federal Sentencing Guidelines now declared unconstitutional");

modify his sentence on grounds that could be raised under existing federal postconviction remedies, *see* 28 U.S.C. § 2255(a) ("A prisoner in custody . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."), his petition for writ of *audita querela* is **DENIED**.

**III. CONCLUSION**

For the reasons set forth above, the government's motion to construe defendant's petition as a successive § 2255 motion and for transfer to the Circuit is hereby **DENIED.** In addition, defendant's petition for writ of *audita querela* is **DENIED**. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**April 27, 2010**

---

*cf. Massey v. United States*, 581 F.3d 172, 174 n.2 (3d Cir. 2009) ("Although *Kessack* suggests that the writ of audita querela may fill a gap in § 2255 where a case such as *Booker* does not apply retroactively on collateral review, the retroactivity of the rule relied upon by a prisoner is one of § 2255's valid gatekeeping requirements.").

6

Notice to:

Ricardo Mathew Gross
Reg. No. 20470-016
CUMBERLAND
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
Cumberland, MD 21501